IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TORRES, | CASE NO. CV-F-04-6254 OWW DLB HC |
| Petitioner, | ORDER GRANTING PETITIONER'S REQUEST FOR EXTENSION OF TIME TO FILE TRAVERSE |
| vs. | |
| EDWARD ALAMEDA, JR., Warden, | [Doc. 24] |
| Respondent. | ORDER REGARDING PETITIONER'S REQUEST TO STAY PROCEEDINGS |
| / | [Doc. 25] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

This action is proceeding on the second amended petition filed on September 9, 2005. Respondent filed an answer on June 6, 2005. On June 16, 2005, Petitioner filed a request for an extension of time to file a traverse. On this same date, Petitioner wrote a letter to the Court requesting that the Court stay the action pending exhaustion at the state court level.

Good cause having been demonstrated Petitioner's request for an extension of time to file a traverse is GRANTED.

Petitioner is advised that in <u>Rhines v. Weber</u>, 2005 WL 711587 (2005), the Supreme Court held that a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted

///

claims to the state court in the first instance and then to return to federal court for review of his perfected petition.

Nevertheless, stay and abeyance is available only in limited circumstances, because the procedure frustrates AEDPA's[1] objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Id. The Supreme Court held that a stay and abeyance is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id.

To the extent Petitioner wishes the Court to stay the instant petition pending exhaustion, he must demonstrate good cause for failing to raise the claims in state court prior to filing the instant petition.

Based on the foregoing, it is HEREBY ORDERED:

1. Petitioner's request for an extension of time to file a traverse is GRANTED and within thirty days from the date of service of this order, Petitioner shall file a traverse; and

2. Alternatively, to the extent Petitioner seeks to hold this action in abeyance pending exhaustion, within thirty days from the date of service of this order, Petitioner shall show good cause.

IT IS SO ORDERED.

Dated:   July 7, 2005             /s/ Dennis L. Beck
3b142a                        UNITED STATES MAGISTRATE JUDGE

---

[1] AEDPA refers to the Antiterrorism and Effective Death Penalty Act of 1996.